Dear Dr. Chen:
We are in receipt of your request for an Attorney General's Opinion concerning the exchange of data between the Louisiana Tumor Registry (LTR) and comparable registries of other states. In your request letter, you state that under La. R.S. 42:1299.87 (B), the LTR is required to exchange data with its counterparts in other states, and furthermore, this exchange must be conducted under the strictest of confidentiality. Included in the statute is a provision that attempts to indemnify Louisiana from any action arising from the subsequent disclosure of the data. Specifically, La. R.S. 42:1299.87 (B) provides in part:
 [B]efore releasing confidential information the secretary shall obtain from such state registries, agencies, or researchers an agreement in writing to keep nonaggregate, case-specific information confidential and privileged, and shall indemnify the state of Louisiana, the Department of Health and Hospitals, the office of public health, and their employees from any actions or suits arising out of the use of the confidential data.
In order to concur with the confidentiality/ indemnification portion of the statute, the LTR drafted a standard Data Exchange Agreement that included a provision requiring recipient states to hold the state that originally provided the confidential data (i.e. Louisiana) harmless in the event the recipient state released the data in violation of the confidentiality agreement. You state that this "hold harmless" proviso has been met with objections by many state registries who claim that the indemnification requirement is in effect a prohibited waiver of their state's sovereign immunity. As a result, states are refusing to sign the agreement and exchange their data, thus, preventing the essential function of the LTR to be fulfilled.
As a remedy, you have proposed to include qualifying language in the Data Exchange Agreement and indemnification proviso that would state that any indemnification would be only "to the extent authorized under (name of recipient state) law." The proposed addition of this language to the agreement is the basis of your request letter.
Specifically, you ask whether this proposed language would satisfy or contradict the "shall indemnify" requirement of La. R.S. 42:1299.87 (B).
The language of La. R.S. 42:1299.87 (B) clearly states that "before releasing confidential information the Secretary shall obtain an agreement in writing [that] shall indemnify the State of Louisiana." The intent of this statute is to hold harmless the state of Louisiana from any subsequent breach of confidentiality once data has been exchanged with a recipient state. However, the proposed language indemnifies Louisiana only to the extent the recipient state laws are willing to indemnify. The proposed proviso allows another state's law to determine the amount of liability Louisiana will assume. This contradicts the "shall indemnify" requirement of La. R.S. 42:1299.87 (B) in that the proposed language may result in Louisiana receiving less than full indemnification when read in light of a recipient state's law. The proposed language is fundamentally at odds with the existing requirement of "shall indemnify."
States may enter into contractual endeavors without waiving sovereign immunity. If the LTR is unsatisfied with the ramifications of the inclusion of the current agreement, steps must be taken in order to come to terms with states who are disinclined. In order to facilitate the fundamental purpose of the LTR, action must be taken in order to appease these state registries who are unwilling to sign the agreement as written. However, this proposed proviso is not a feasible solution to the problem of recipient state participation. If this proposed language were included in the Data Exchange Agreement, another state's law could possibly subjugate Louisiana's law. The LTR must procure a proviso that complies with the "shall indemnify" requirement of La. R.S. 42:1299.87 (B).
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ANDREW D. BENTON Assistant Attorney General
cc: Lloyd J. Lunceford, Esq. Mervin L. Trail, Chancelor, LSUMC David Hood, Secretary, Department of Health and Hospitals